IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Miguel Loyola, #A-N15968, ) | Case No.: 2:23-cv-00792-JD-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Moishe Mana; Cox; Rogers; Henson; and ) | |
| J.W. King, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 33.)  Plaintiff Miguel Loyola, #A-N15968, ("Loyola" or "Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  (DE 1.)

On March 13, 2023, the Court issued an order notifying Plaintiff that his case was not in proper form. (DE 3.)  Specifically, the Order noted that the illegible, incoherent format of the handwritten Complaint made it very difficult to discern the parties, basis for jurisdiction, causes of action, and injuries underlying the case. The Order further noted that Plaintiff had failed to pay the filing fee or, in the alternative, file an Application to Proceed Without Prepayment of Fees ("Form AO 240").  Id.  To date, Plaintiff has not filed a legible pleading, paid the filing fee, or submitted a proper Form AO 240.  Instead, on May 25, 2023, Plaintiff filed a purported motion

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

that is difficult to discern as it relates to this case because it appears to discuss what seems to be a separate state court dispute in Volusia County, Florida, and seeks some sort of filing injunction against one of the Defendants in the instant case—although none of the Defendants have made an appearance or have been served in any capacity. (DE 11.) In filing this motion, Plaintiff attached a series of disorganized, random exhibits, including paperwork from the Florida Department of Corrections and legal documents from the Circuit Court for Volusia County. (DE 11-1.)

The Report was issued on June 13, 2023, recommending that Plaintiff's case be summarily dismissed without prejudice because Plaintiff has failed to prosecute this case and comply with an order of this Court. Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report and Recommendation as modified and consistent herewith and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is summarily dismissed without prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41(b), and Plaintiff's Motion for Miscellaneous Relief (DE 11) is denied as moot.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 4, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.